## SIDNEY AUTER *v.* THE STEAMBOAT JAMES JACOBS.

1. ATTACHMENT: AGAINST STEAMBOATS, ETC.—It will be no ground for the quashal of an attachment against a steamboat, that the affidavit states that the indebtedness sued for is "for and on account of the steamboat and owners." The word "owners" manifestly refers to a class of persons in their character arising from their connection with the vessel, and does not, therefore, extend the attachment to any private and individual indebtedness of such persons disconnected with the business of the boat.

2. SAME: STATUTE IN RELATION TO, CONSTRUED LIBERALLY.—The statute authorizing attachments against steamboats and other water craft, is a remedial one, and should be construed liberally to advance the remedy given by it.

IN error from the Circuit Court of Warren county. Hon. J. S. Yerger, judge.

*C. L. Buck,* for plaintiff in error,
Cited *Edwards* v. *Flatboat Blacksmith,* 33 Miss. R. 190.

*Marshall* and *Miller,* for defendant in error.

HANDY, J., delivered the opinion of the court.

This was an attachment issued by the plaintiff in error against the defendant, under the provisions of the Acts of 1840 and 1841. Hutch. Code, 288, 290.

On motion of the defendant, the attachment was quashed, and this writ of error is taken to that judgment.

The ground on which the attachment was quashed does not appear by the record; but it is admitted to have been on the ground of the insufficiency of the affidavit on which it was founded; and the sufficiency of the affidavit is the only question for our decision.

It states that the plaintiff "has a right of action against the owner or other persons interested in the steamboat James Jacobs, now lying in the navigable waters of the State of Mississippi; and that the liability of the owner or other persons interested in said steamboat, for and on account of said right of action, amounts to the sum of $102 76, to the best of his knowledge and belief, for and on account of said steamboat and owners."

The objection to this affidavit is, that it does not show that the plaintiff's claim was solely on account of the steamboat, but stated that it was "for and on account of said steamboat and owners;" and that, under these terms, a claim against the individuals who were owners of the boat, upon their private account, and not connected with the boat, might have been embraced.

The provision of the statute is, that, "whenever any owner, captain, &c., of any steamboat, &c., or other water craft in any of the navigable waters of this State, shall be liable to any action for or on account of any such steamboat, &c., to any person who may be ignorant of the name of such owner, &c., it shall be lawful for such person, having right of action as aforesaid, to prosecute the same by suit against such steamboat, &c., by its name;" and the remedy by attachment against the boat is given. Hutch. Code, 288. By a subsequent statute, the same remedy was extended to cases

where the name of the owner, master, &c., might be known to the party having the demand. Ib. 290.

The liability of the owner, captain, master, &c., for or on account of the vessel, is the foundation of the remedy here given,—the proceeding against the vessel, is but the mode given to enforce the right. There must be a liability by the owner, master, &c., before the remedy can be asserted against the vessel. But the words "owner, captain, master," &c., are manifestly used in a relative sense, to refer to a class of persons in their character arising from their connection with the vessel, and not to them in their private right, disconnected with the business of the vessel; to liabilities of the "owners," &c., on account of the vessel, and which were intended to be a charge upon her. Hence, when it is stated in the affidavit, that the "owners" of the steamboat are indebted in a specified sum, "for and on account of said steamboat and owners," the terms used must be understood, with reference to the provisions of the statute, to mean an indebtedness by the owners contracted for or on account of the boat. For there could not be a liability of the boat except by means of the liability of the owner, master, &c., or other person connected with her, and competent to contract the debt. And this view works no prejudice to the vessel; for, under it no claim could be established in the case, except one incurred or contracted on account of the vessel, and the words "and owners" in this affidavit are but surplusage.

The statute is a remedial one, and should be construed liberally, to advance the remedy given by it; and whether we regard the strict legal import of the language employed in it, or the objects intended by it, we think that the affidavit is sufficiently certain, to all reasonable intents, to restrict the claim to a liability of the owners, &c., contracted on account of the boat. And it is plain that the alleged uncertainty could not cause injury to the defendant, as no individual claim against the owners, not contracted on account of the boat, would have been proved in the case. The contrary construction appears to be hypercritical, and not in accordance with the purview of the statute.

It appears by the further proceedings in the case, that this was, in fact, the character of the claim; for the declaration, setting forth the cause of action, shows that it was for work and labor done on

account of the boat, and this declaration was filed before the motion to quash was made.

The judgment is reversed, and the cause remanded for further proceedings.